UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ISSHAR OVERSEAS FZE,

       Plaintiff,

-against-            09 Civ. 07087

DALMIA CEMENT (BHARAT) LTD.,   **MEMORANDUM OPINION AND ORDER**

       Defendant.

Richard J. Holwell, District Judge:

   This Court granted plaintiff's request for process of maritime attachment and garnishment because it found that the conditions set forth in Rule B appeared to exist. Subsequently, the Second Circuit issued a decision holding that "EFTs [electronic fund transfers] are neither the property of the originator nor the beneficiary while briefly in the possession of an intermediary bank" and "cannot be subject to attachment under Rule B." *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, Nos. 08-3477, 08-3758, 2009 WL 3319675, at *10–*11 (2d Cir. Oct. 16, 2009). This Court then ordered the plaintiff to show cause within twenty days why, in light of *Jaldhi*, the original process of maritime attachment and garnishment should not be vacated and the case dismissed for lack of jurisdiction.

   On November 13, 2009, plaintiff filed a memorandum in response. In its brief, plaintiff argues that (a) *Jaldhi* should not be applied retroactively; (b) even if it is applied retroactively, the Court should make an exception in this case for equitable reasons; and (c) the funds already attached are no longer EFTs and thus not subject to *Jaldhi*. All three contentions lack merit.

First, plaintiff asks the Court not to apply *Jaldhi* retroactively.  But the Second Circuit recently held just the opposite.  It explained that its decision in *Jaldhi* was jurisdictional, and, "by definition, a jurisdictional ruling may never be made prospective only."  *Hawknet, Ltd. v. Overseas Shipping Agencies*, 2009 WL 3790654, No. 09-2128, at *2 (2d Cir. Nov. 13, 2009) (citing *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981)).[1]

Second, the plaintiff argues that, even if *Jaldhi* does apply retroactively—and *Hawknet* plainly says it does—this case presents equitable considerations that justify departure from that rule.  Even if the Court were able to depart from *Hawknet* in exceptional circumstances, it is not convinced that this is such a case.  The plaintiff does not explain what equitable considerations exist here that did not in *Hawknet*.  Nor would it would eliminate inequities to apply *Jaldhi* only prospectively.  That would be unfair to defendants like this one, whose property would continue to be restrained even though the basis for restraining that property has been extinguished.

Third, plaintiff argues that, although the funds at issue here originally entered this district as EFTs, they did not remain EFTs.  This is so, plaintiff claims, because standard banking practice after restraining funds was to deposit them into a segregated account in the district—after which they became just "funds," not EFTs.  But as a number of decisions in this district have already said, that argument, clever though it may be, does not address plaintiff's central problem: under *Jaldhi*, the defendant never possessed attachable property in this district.  And "[n]o alchemy by the bank transformed EFTs

---

[1] In its reply brief, the plaintiff notes that the plaintiff-appellant in *Hawknet* has filed a petition for rehearing of that panel decision.  It asks that the Court at least reserve decision until the resolution of the petition.  But opinions get appealed and reconsidered all the time.  This is hardly a reason not to rely on what is presently established Circuit law—particularly in cases like this one, where the defendant's assets remain restrained without legal cause.

that cannot be attached into property of the defendant that can be attached." *Argus Dev. Inc. v. Steelcore Trading Ltd.*, No. 09-6009, 2009 WL 4016626, at *1 (S.D.N.Y. Nov. 16, 2009) (JGK); *See Hansa Sonderburg Shipping Corp. v. Hull & Hatch Logistics LLC*, No. 09-7164, slip op. at 1 (S.D.N.Y. Nov. 16, 2009) (LTS) ("Because the initial attachment was improper, the deposit of the funds into a segregated account, absent consent of the defendant, did not cure the problem addressed in [*Jaldhi*].).

The Court ordered the plaintiff to show cause why vacatur was unwarranted and why this action should not be dismissed for lack of jurisdiction. Plaintiff has been unable to do so on both counts. Accordingly, the order of maritime attachment is vacated and the action is dismissed without prejudice. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: New York, New York
       December 11, 2009

                                                Richard J. Holwell
                                                United States District Judge